UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDULLAH BROWN, | : |
| | : |
| Petitioner | : CIVIL NO. 4:CV-05-2646 |
| | : |
| v. | : |
| | : (Judge McClure) |
| | : |
| WARDEN K. HOGSTEN, ET AL., | : |
| | : |
| | : |
| Respondents | : |

**ORDER**

December 22, 2005

**Background**

　　Abdullah Brown ("Petitioner"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by an in forma pauperis application. Named as Respondents are the following FCI-Allenwood employees: Warden K. Hogsten, Chaplain J. Beadle and Head Chaplain Crooks.  For the reasons outlined below, the petition will be denied without prejudice to any right Brown may have to reassert his

present claims in a properly filed civil rights complaint.

Petitioner identifies himself as being a Sunni Muslim who wishes to practice his religious beliefs. His petition alleges that for the past year "the practice of the Chaplaincy Department of FCI Allenwood to <u>not</u> provide a Sunni Muslim Imam on contract, to Petitioner" has violated his rights under the First Amendment. Record document no. 1, p. 1. He adds that the Defendants are failing to provide him with the pastoral care he requires as a Muslim inmate.

Brown's instant petition does not challenge either the legality of his criminal conviction or the resulting sentence. Rather, he seeks an order directing the Defendants to "contract a Muslin Imam Chaplain from the neighboring community or allow regular visits by a Muslim volunteer to give religious leadership to the inmates of this institution who wish to receive it." <u>Id</u>. at p. 2.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). <u>See</u>, <u>e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Allen v. Perini, 424 F.2d 134,141 (4th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Fourth Circuit Court of Appeals also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

From a careful review of the petition, it is clear that Petitioner does not challenge the legality of either his underlying criminal conviction or resulting sentence. He also does not claim that his sentence has been improperly calculated or otherwise

attack the length of his present incarceration. Rather, Brown seeks relief on the grounds that he was denied a reasonable opportunity to practice his religious beliefs.

Petitioner acknowledges that the purportedly unconstitutional actions did not include a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Petitioner's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997) (McClure, J.) (alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, "habeas corpus is *not* an appropriate or available federal remedy." Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Brown may have to reassert his present claims in a properly filed civil rights complaint.[1] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.) (challenge to IFRP refusal status not properly asserted in habeas petition) and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be

---

[1] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Brown may file based upon the facts asserted herein.

allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed, without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted temporary in forma pauperis status for the sole purpose of filing this action.

2. The petition for writ of habeas corpus is dismissed without prejudice.

3. If appropriate, the Petitioner may reassert his present claims in a properly filed civil rights action.

4. The Clerk of Court is directed to close the case.

5. Based on the Court's conclusion, there is no basis for the issuance of a certificate of appealability.

    s/ James F McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge